KENNEDY, Justice.
Rutledge Industrial Corporation petitions for a writ of mandamus directing Judge Jerry L. Fielding of the Circuit Court of Talladega County to transfer a civil action to the Circuit Court of St. Clair County. We deny the writ.
The issue we address is whether venue of that action is proper in Talladega County.
Defendant, Rutledge Industrial Corporation, is an Alabama corporation located in Pell City, St. Clair County, Alabama, engaged in the business of manufacturing and selling cast iron gas fittings used in the natural gas industry. Plaintiff, Tal-ladega Foundry and Machine Company, Inc., is a Delaware corporation located in Talladega, Talladega County, Alabama, and is a specialty item foundry that only casts items according to customer specifications.
On or about December 21, 1987, defendant requested that plaintiff make various cast iron meter valve parts and fittings according to defendant’s specific instructions and specifications. Defendant provided patterns for plaintiff to use in the manufacturing process of those items. The items were manufactured at plaintiff’s foundry in Talladega County and were not a regular stock item.
Plaintiff filed a civil action in Talladega Circuit Court against defendant and claimed $66,910.56 due on account (Count I) and for work and labor done (Count II). Defendant filed a motion to transfer the action to St. Clair Circuit Court, alleging that venue was improper in Talladega County because defendant was not doing business there. The court denied the motion, and defendant petitioned this Court for a writ of mandamus ordering the transfer of the action to St. Clair Circuit Court.
Code 1975, § 6-3-3, provides:
“In all actions for work and labor done or breaches of contracts ..., the action may be commenced in the county in which the work was done.... ”
*949 We determine that venue is proper in Tal-ladega Circuit Court on Count II because the facts before this Court show that plaintiff performed work and labor at defendant’s request by casting the valves and fittings in Talladega County. This action involves more than what the defendant claims to be an alleged promise by defendant to purchase certain goods from the plaintiff. Defendant provided patterns and specifications to plaintiff from which plaintiff was to cast the valves and fittings. Work and labor was performed at plaintiffs place of business; therefore, venue is proper under § 6-3-3. Ex parte City of Huntsville Hospital Bd., 366 So.2d 684 (Ala.1978); Rush v. Thomas Duckett Construction Co., 380 So.2d 762 (Ala.1979).
The petition for writ of mandamus is denied.
WRIT DENIED.
MADDOX, JONES, SHORES and HOUSTON, JJ., concur.