This is a mandamus proceeding to change venue.
The plaintiff, Ray, Peoples and White, Inc., is engaged in the business of land surveying. Its business office is located in Talladega County, Alabama. The defendant Fletcher Adamson is a resident of Tallapoosa County, Alabama. He contracted with the plaintiff for a survey of some land which he owned in Tallapoosa County. Subsequent to the defendant's request that the survey work be terminated, the plaintiff brought suit in the District Court for Talladega County for the work and labor already performed under the contract. The defendant moved to dismiss for improper venue. The motion was denied. After judgment in favor of the plaintiff, defendant appealed to the Talladega County Circuit Court, and raised the question of venue in the form of a motion to transfer. The motion was denied. The defendant petitions this court for a writ of mandamus directed to the Circuit Court of Talladega County, ordering it to transfer the case to the Circuit Court of Tallapoosa County. As denial of a motion for change of venue may not be reviewed by appeal, the issue is properly before us on the petition for a writ of mandamus. Davis v. Marshall,404 So.2d 642 (Ala. 1981).
The record reveals the following facts: The defendant went to the plaintiff's business office in Talladega County to discuss retaining the plaintiff's services in surveying land owned by the defendant in Tallapoosa County. Subsequently the defendant received a letter confirming the hourly rates which the plaintiff would charge for the survey. The defendant signed the letter in Tallapoosa County and mailed it back to the plaintiff. The agreement provided a charge of $42.50 per hour for field work and $25 per hour for office work. Mr. Moody Ray, a member of the plaintiff firm, testified concerning the amount of work done in furtherance of the agreement with the defendant. He stated that prior to sending out the first field party, he and his staff spent approximately three hours working in the office in Talladega County checking maps and photographs in preparation for the survey. Then the field crews were sent to Tallapoosa County to begin work on the property itself. Mr. Ray testified that for each full day the crew spent in the field, he spent approximately one and one-half hours in the office compiling the raw field data and feeding it into a computer to obtain the calculations needed for an accurate survey. The defendant requested that the work be stopped after approximately one and one-half weeks. Although the initial bill sent to the defendant was for fifty-one and one-half hours of field work, a subsequent bill introduced in the district court included a charge for five hours of office work.
All actions for work and labor may be brought in the county in which the work was done. Ex parte City of HuntsvilleHospital Board, 366 So.2d 684 (Ala. 1978). Section 6-3-3, Code (1975) provides:
 In all actions for work and labor done or breaches of contracts or covenants as to easements or rights-of-way, the action may be commenced in the county in *Page 153 
which the work was done or in which the land is situated as to which the easement or right-of-way was granted.
Proper venue in an action for work and labor will therefore depend on a determination of where that work was done. The burden of proving improper venue is upon the party making such a claim. Medical Service Administration v. Dickerson,362 So.2d 906 (Ala. 1978).
In Ex parte H.L. Raburn Company, 384 So.2d 1075 (Ala. 1980) the Alabama Supreme Court held that an accounting firm's suit for work and labor was properly commenced in a county where a substantial amount of the work was done. Clearly the court did not require that a majority of the work be performed in the county in which suit was brought, for in Raburn the evidence on this point was unclear. In the case before us, the evidence supports a finding that the work performed in the plaintiff's office in Talladega County was essential to an accurate survey of the defendant's property. A purely mathematical balancing of the number of hours spent working in each county would not reflect a true measure of the substantial nature or importance of the work performed in that county.
If a "substantial" amount of work was performed in both Talladega and Tallapoosa Counties, then venue was proper in either. Where venue can properly be had in two or more counties, the plaintiff has an election to choose the county in which to proceed. Medical Service Administration v. Dickerson,supra. The defendant points out that Count II of the complaint sounds in contract and the contract was executed in Tallapoosa County. Rule 82 (c), A.R.C.P. states: "Where several claims . . . have been joined, the suit may be brought in any county in which any one of the claims could properly have been brought." In Rush v. Thomas Duckett Construction Company, 380 So.2d 762
(Ala. 1979) the court held that where counts for work and labor were properly heard in the county in which the work was performed, the entire complaint was properly heard in such county even though proper venue for the contract-based counts of the complaint was in another county.
The matter of granting a change of venue is within the sound discretion of the trial court. Ramsey v. Ramsey, 347 So.2d 999
(Ala.Civ.App. 1977). In cases involving the exercise of discretion by an inferior court, mandamus may issue to compel exercise of that discretion. It may not, however, issue to control or review its exercise except in a case of abuse of discretion. McBride v. McBride, 380 So.2d 886 (Ala.Civ.App. 1980).
PETITION FOR WRIT OF MANDAMUS IS DENIED.
BRADLEY and HOLMES, JJ., concur.