AFTER REMAND FROM THE SUPREME COURT
This is a mandamus proceeding to change venue.
Couch sued Sutton in the District Court of Mobile County. The complaint contained two counts which were based upon contract and a third count which alleged the conversion of money. The defendant's answer denied the existence of any contract with the plaintiff and further denied that the defendant had ever had any transaction with the plaintiff. The defendant further averred that venue was improper since the defendant has never been a resident of Mobile County. After a trial the district court rendered a judgment for the plaintiff for $1,000. The defendant timely appealed to the Circuit Court of Mobile County where, among other pleadings, the defendant filed his verified motion to transfer the case to Baldwin County on the ground that he was a resident of Baldwin County and has never resided in Mobile County. The circuit court overruled the defendant's motion to transfer and he applied to this court for a writ of mandamus to require the transfer of the case to Baldwin County. The writ was here denied by a memorandum decision on May 23, 1986 because we were of the opinion that the motion to transfer was not timely filed. Our decision thereon was reversed and remanded by the supreme court, 508 So.2d 681 (Ala. 1986), with a holding that the defendant's motion to transfer was timely filed. On remand to this court and pursuant to the opinion of the supreme court, we hereby set aside our decision of May 23, 1986 in this case and now consider the merits of the defendant's motion to transfer.
As a general rule, actions on contracts must be commenced in the county in which the defendant or one of the defendants resides if such defendant has a permanent residence in Alabama. § 6-3-2(a)(2), Code 1975. If the defendant or one of the defendants has within Alabama a permanent *Page 684 
residence, other personal actions may be commenced in either the county of such residence or in the county in which the act or omission complained of may have been done or may have occurred. § 6-3-2(a)(3), Code 1975. Paraphrased but identical rules as to venue are embodied in Rule 82(b)(1)(A) of the Alabama Rules of Civil Procedure. The venue for a civil action of conversion falls under the provisions of section6-3-2(a)(3) and Rule 82(b)(1)(A), and the conversion action can properly be brought at the plaintiff's election in either the county where the act or omission complained of occurred or in the county of the defendant's residence. Ex parteLundy, 429 So.2d 998 (Ala. 1983).
Here, venue as to the conversion count was not improperly filed in Mobile County. Venue as to the contract counts would have normally been in Baldwin County except for the provisions of Rule 82(c), which states that a civil action in which several claims are joined may be instituted in any county in which any one of the claims could properly have been brought. That rule has been followed in a manner which is highly consistent with its rather clear language. Lundy, supra;Rush v. Thomas Duckett Construction Co., 380 So.2d 762
(Ala. 1979); Ex parte Adamson, 408 So.2d 151
(Ala.Civ.App. 1981). Therefore, since the conversion count could have been brought in Mobile County even though the defendant resided in Baldwin County, the contract-based counts could properly be joined with the conversion count in Mobile County even though venue on those contract counts would have normally been in Baldwin County.
The defendant had the burden of proving improper venue.Adamson, supra. The defendant's sworn motion to transfer averred and presented only the factual question as to venue which arose out of his residence being in Baldwin County. He did not raise any issue by his motion concerning whether or not he committed in Mobile County a wrongful act or omission concerning the conversion, and, since the record does not disclose that that issue was raised in the circuit court by the defendant's motion to transfer, we cannot now consider it.In re Crile, 479 So.2d 1254 (Ala.Civ.App. 1985).
The problem of whether to grant a motion to transfer because of venue is a matter which falls within the sound judicial discretion of the trial court and, in a case of abuse of that discretion, mandamus may issue to control or to review the exercise of that discretion. Adamson, supra. We find no abuse of judicial discretion in this instance. The defendant, who bore the burden of proof, did not controvert the fact that a conversion count may be brought in the county in which the act was committed. The defendant's petition for a writ of mandamus is denied.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
PETITION FOR WRIT OF MANDAMUS DENIED.
All the Judges concur.