SHORES, Justice.
Matthew B. Smith petitions the Court for a writ of mandamus to the Honorable Daniel B. Banks, Jr., Judge of the Madison Circuit Court, directing him to vacate his order of February 5, 1988, transferring a case from the Madison Circuit Court to the Lauderdale Circuit Court. The relevant facts are as follows:
On November 24, 1987, Smith filed a three-count complaint against KJ & R, Inc., in Madison Circuit Court. The complaint *534 alleged breach of contract and fraud, and contained a count for work and labor done.
On December 15, 1987, the defendant filed a motion to dismiss or, in the alternative, to transfer the case to Lauderdale Circuit Court. The motion was heard on February 5, 1988, after which the trial court granted the motion and transferred the case to the Lauderdale Circuit Court.
The defendant is a corporation doing business in Lauderdale County. The corporation does not do business in Madison County, and it was not doing business by agent in Madison County at the time the cause of action arose. The contract that is the subject of this suit concerned the employment of the plaintiff/petitioner as a general manager of a restaurant in Lauder-dale County.
The petitioner alleges that, pursuant to the employment contract, he undertook various work and labor on the defendant’s behalf, and that a substantial portion of that work was performed in Madison County. He contends that Code (1975), § 6-3-3, provides him with an election as to the county in which he can pursue his claim for work and labor done. That section reads as follows:
“In all actions for work and labor done ... the action may be commenced in the county in which the work was done”
However, the defendant correctly points out that the legislature passed an act in 1987, now codified at Code (1975), § 6-3-21.1, which, for the first time in Alabama, provides for the change of venue for the convenience of parties and witnesses. That provision is as follows:
“(a) With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed therein....”[1]
In cases involving the exercise of discretion by an inferior court, mandamus may issue to compel the exercise of that discretion. It may not, however, issue to control or review its exercise, except in a case of abuse of discretion. Ex parte Adamson, 408 So.2d 151 (Ala.Civ.App. 1981); McBride v. McBride, 380 So.2d 886 (Ala.Civ.App.1980).
In light of Code (1975), § 6-3-21.1, the trial court did not abuse its discretion by transferring this case to the Lauderdale Circuit Court. Consequently, the petition for writ of mandamus is denied.
WRIT DENIED.
TORBERT, C.J., and JONES, ADAMS and STEAGALL, JJ., concur.

. This section was added by Acts 1987, No. 87-181, which became effective on June 11, 1987. The complaint in this case was filed in the Madison Circuit Court on November 24, 1987.