Jim Burke Automotive, Inc., a defendant in an action pending in the Perry Circuit Court, petitions for a writ of mandamus directing Judge Thomas ap R. Jones to vacate his order denying Jim Burke's motion to dismiss the case or to transfer it, and to enter an order transferring the pending action to the Jefferson Circuit Court; to vacate his order continuing Jim Burke's motion to compel arbitration, entered for the purpose of allowing the plaintiff to conduct discovery; and to vacate his order allowing general, unlimited discovery. We grant the petition in part and deny it in part.
 Facts
Clarence Ford purchased a 1994 model automobile from Jim Burke. Jim Burke charged a $139 "documentary fee" on the purchase. Ford secured financing for the purchase by entering a retail-installment contract with the defendants General Motors *Page 120 
Acceptance Corporation ("GMAC") and MS Dealer Services Corporation ("MS"), a Florida corporation. Ford entered the installment contract as part of his dealings with Jim Burke. In May 1999, Ford sued Jim Burke, GMAC, and MS, alleging fraud, negligence, breach of fiduciary duty, and the tort of outrage. Ford alleged in his complaint that the defendants had misrepresented that the entire "documentary fee" was paid to the defendant MS, although, in fact, Jim Burke and GMAC had earned a commission from the fee.
When it answered Ford's complaint, Jim Burke moved to compel arbitration of Ford's claims. It based its motion on an arbitration provision included in the "Buyer's Order" Ford had signed when he purchased the vehicle. The provision reads:
"DISPUTE RESOLUTION AGREEMENT
 "BUYER HEREBY ACKNOWLEDGES AND AGREES THAT ALL DISPUTES AND CONTROVERSIES OF EVERY KIND AND NATURE BETWEEN BUYER AND JIM BURKE AUTOMOTIVE, INC. ARISING OUT OF OR IN CONNECTION WITH THE PURCHASE OF THIS VEHICLE WILL BE RESOLVED BY ARBITRATION IN ACCORDANCE WITH THE PROCEDURE SET FORTH ON THE REVERSE SIDE OF THIS BUYER'S ORDER."[1]
Jim Burke also filed a motion to dismiss the action, arguing that Perry County was not a proper venue, and, alternatively, a motion to transfer the case for the convenience of the parties and witnesses and in the interest of justice, pursuant to Ala. Code 1975, § 6-3-21.1.
Ford purchased the vehicle in Jefferson County. In his complaint, Ford alleges that he is a resident of Perry County. Jim Burke, MS, and GMAC all do business in Alabama. However, neither MS nor GMAC challenges venue in Perry County. The trial court denied the motion to dismiss or to transfer and continued the motion to compel arbitration, for 90 days, in order to allow Ford to conduct discovery.
 Standard of Review
A petition for the writ of mandamus is the proper method for challenging a trial court's denial of a motion to transfer a civil action on the basis of improper venue. See Ex parte National Sec.Ins. Co., 727 So.2d 788 (Ala. 1998). We have held:
 "`Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.' Ex parte Integon Corp., 672 So.2d 497, 499 (Ala. 1995). `When we consider a mandamus petition relating to a venue ruling, our scope of review is to determine if the trial court abused its discretion, i.e., whether it exercised its discretion in an arbitrary and capricious manner.' Id. Our review is further limited to those facts that were before the trial court. Ex parte American Resources Ins. Co., 663 So.2d 932, 936 (Ala. 1995)."
Id., 727 So.2d at 789.
 Discussion I.
Jim Burke argues that the trial court erred in denying its motion to dismiss or to transfer. In support of that motion, Jim Burke offered the affidavit of Dave Bolden, comptroller for Jim Burke, in which Bolden states, among other things, that all of the contracts and agreements relating to the purchase of the vehicle were prepared and signed in Jefferson County, that Jim Burke does no business by agent in Perry County, that Jim Burke owns no property or assets in Perry County, and that all of Jim Burke's witnesses *Page 121 
and employees with knowledge of Ford's purchase reside in Jefferson County.
Ala. Code 1975, § 6-3-21.1, states:
 "(a) With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed therein."
"The prevailing question of whether a case should be entertained or dismissed `depends largely upon the facts of the particular case and is in the sound discretion of the trial judge.'" Ex parte Auto-Owners Ins. Co., 548 So.2d 1029, 1032
(Ala. 1989) (quoting Restatement (Second) of Conflict of Laws § 84 at 251 (1971)). A writ of mandamus will not issue "to control or revise [a trial court's] exercise [of discretion] except in a case of abuse of discretion." Ex parte Canady, 563 So.2d 1024, 1025
(Ala. 1990). "The burden of proof on factual issues in a venue dispute is upon the party or parties challenging venue in the forum." Ex parte Wiginton, 743 So.2d 1071, 1074 (Ala. 1999).
Jim Burke contends that it made a prima facie showing that the action should be transferred for the convenience of the parties and in the interest of justice, and that, because Ford offered no evidence in response, the trial court erred in failing to grant the motion to transfer. The facts in this case are almost identical to the facts in Ex parte Swift Loan FinanceCo., 667 So.2d 706 (Ala. 1995). The plaintiff in Ex parte Swift
was a resident of Bullock County. He sued an automobile dealership and a finance company, in Bullock County. The defendants moved to transfer the case, alleging that neither defendant resided in or did any business in Bullock County and arguing that the case should be transferred based on the doctrine of forum non conveniens. In the present case, Ford is a resident of Perry County, and Jim Burke challenges venue in Perry County because the transaction took place in Jefferson County and any Jim Burke employees with knowledge of the transaction reside in Jefferson County. GMAC and MS have not indicated that they would suffer any hardship in litigating this case in Perry County. GMAC and MS have not challenged venue based on the forum non conveniens
statute.
The defendant must show that the transferee forum is significantly more convenient than the forum in which the action was brought, in order to overcome the plaintiff's right to choose the forum. See Ex parte Swift Loan Fin., supra. The trial court held a hearing on Jim Burke's motion to dismiss or to transfer and concluded that Jefferson County would not be a more convenient venue. Because Jim Burke did not meet its burden of proving that Jefferson County would be a significantly more convenient venue, we cannot say the trial court abused its discretion in denying Jim Burke's motion to dismiss or to transfer. We deny Jim Burke's petition to the extent it sought a writ of mandamus directing the trial court to transfer the pending action.
 II.
Jim Burke argues that the trial court abused its discretion when it entered a 90-day continuance of Jim Burke's motion to compel arbitration, in order for the parties to conduct discovery. The Federal Arbitration Act makes enforceable a written arbitration provision in a contract evidencing a transaction involving interstate commerce. 9 U.S.C. § 2; see Rogers Found.Repair v. Powell, 748 So.2d 869, 871-72 (Ala. 1999). However, if there is a question whether the parties actually entered an agreement to arbitrate, that question is for the court to decide.See Premiere Chevrolet, Inc. v. Headrick, 748 So.2d 891 (Ala. 1999). The trial judge did not err in allowing the parties to conduct discovery. However, he did err in failing to limit *Page 122 
the discovery to be conducted. See Jack Ingram Motors, Inc. v.Ward, 768 So.2d 362 (Ala. 1999); Universal Underwriters v. Dutton,736 So.2d 564 (Ala. 1999); and Mutual Assurance, Inc. v. Wilson,716 So.2d 1160 (1998) (allowing for limited discovery without waiver of right to arbitrate). We conclude, and the parties agree, that discovery should be limited to the question whether Ford agreed to arbitrate his dispute with the defendants. We grant Jim Burke's petition to the extent it seeks an order directing the trial judge to vacate his order allowing general, unlimited discovery.
PETITION GRANTED IN PART AND DENIED IN PART, AND WRIT ISSUED.
Hooper, C.J., and Houston, Cook, See, Lyons, Brown, and Johnstone, JJ., concur.
Maddox, J., concurs in the result.
[1] The reverse side of the Buyer's Order does not appear in the record.