860 So.2d 1261 (2003)
Ex parte CLARKSVILLE REFRIGERATED LINES I, LTD., a Texas limited partnership.
(In re Kenny Ford v. Clarksville Refrigerated Lines I, Ltd., a Texas limited partnership).
1011543.
Supreme Court of Alabama.
April 18, 2003.
*1262 Charles A. Stewart III and George R. Parker of Bradley Arant Rose & White, L.L.P., Montgomery, for petitioner.
W. Banks Herndon, Opelika; and Sam E. Loftin of Loftin, Loftin & Hall, Phenix City, for respondent.
SEE, Justice.
Clarksville Refrigerated Lines I, Ltd. ("Clarksville"), the defendant in an action pending in the Russell Circuit Court, petitions this Court for a writ of mandamus directing the Russell Circuit Court to vacate its order denying Clarksville's motion for a change of venue to the Lee Circuit Court pursuant to § 6-3-21.1(a), Ala.Code 1975, the forum non conveniens statute. Because Clarksville clearly demonstrates that it is entitled to the relief requested, we grant the petition.
Clarksville, a trucking company headquartered in Texas, hires independent owner/operators to transport cargo. Kenny Ford is an independent-contract truck driver. On April 4, 2001, Ford, a resident of Lee County, entered into an "Independent Contractor Agreement" with Clarksville at Clarksville's Opelika terminal in Lee County. Ford worked out of Clarksville's Opelika terminalhe picked up deliveries there, returned trailers there, and received job assignments there. Clarksville kept all of its records concerning Ford in Opelika. Clarksville operates no terminals in Russell County. Ford terminated his contract with Clarksville after a pay dispute arose between Clarksville and Ford at Clarksville's Opelika terminal.
On January 29, 2002, Ford sued Clarksville in the Russell Circuit Court, alleging breach of contract. Clarksville moved to dismiss the action, or in the alternative, to transfer the case to the Lee Circuit Court. The trial court denied Clarksville's motion. Clarksville moved the trial court to reconsider its order, and the trial court denied that motion. Clarksville now petitions this Court for the writ of mandamus directing the trial court to vacate its order denying a change of venue, and to transfer the case to Lee County.[1]

*1263 "`The proper method for obtaining review of a denial of a motion for a change of venue in a civil action is to petition for the writ of mandamus. Ex parte National Sec. Ins. Co., 727 So.2d 788, 789 (Ala.1999)(citing Lawler Mobile Homes, Inc. v. Tarver, 492 So.2d 297, 302 (Ala.1986)).
"`"Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court."
"`Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995).'"
Ex parte Jim Walter Homes, Inc., 830 So.2d 733, 735 (Ala.2002)(quoting Ex parte Alabama Great Southern R.R., 788 So.2d 886, 888 (Ala.2000)).
In 1987, the Legislature enacted § 6-3-21.1(a), Ala.Code 1975, adopting the doctrine of forum non conveniens. Section 6-3-21.1(a), Ala.Code 1975, states, in pertinent part:
"(a) With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed therein."
"A defendant moving for a transfer under § 6-3-21.1 has the initial burden of showing that the transfer is justified, based on the convenience of the parties and witnesses or based on the interest of justice." Ex parte National Sec. Ins. Co., 727 So.2d 788, 789 (Ala.1998).
Clarksville argues, based on this Court's decisions in Ex parte Jim Walter Homes, Ex parte First Family Financial Services, Inc., 718 So.2d 658 (Ala.1998), Ex parte National Security Insurance, and Ex parte Independent Life & Accident Insurance Co., 725 So.2d 955 (Ala.1998), that this action should be transferred from Russell County to Lee County for the convenience of the parties and in the interest of justice.
In National Security Insurance this Court stated:
"It is undisputed that at the time of filing National Security [the defendant] maintained no office, and kept no documents, in Lowndes County. Smoke [the plaintiff] did not live in Lowndes County. No meetings between National Security and Smoke occurred in Lowndes County. In fact, all meetings between Smoke and employees of National Security occurred in Elmore County, where National Security seeks to have the case transferred. Further, Smoke was treated in Elmore County for her alleged mental anguish arising from her dealings with National Security. All of Smoke's witnesses reside in Elmore *1264 County, and no witness for either party resides in Lowndes County."
727 So.2d at 790. Under those circumstances, this Court held that the "`interest of justice' require[d] the transfer of the action from a county with little, if any, connection to the action ... to a county with a strong connection to the action." 727 So.2d at 790.
It is undisputed that Clarksville maintained no office and kept no documents in Russell County. Ford did not live in Russell County. No meetings between Clarksville and Ford took place in Russell County. In fact, all meetings between Ford and Clarksville took place in Lee County, where Clarksville seeks to have the case transferred. Further, two of Clarksville's employees who will be important witnesses in this case live in Lee County.
Ford argues that a trial judge has great discretion in choosing whether to transfer an action based on the doctrine of forum non conveniens. Ford argues that, based on this Court's holding in Ex parte Jim Burke Automotive, Inc., 776 So.2d 118 (Ala.2000), the trial court did not exceed its discretion when it denied Clarksville's motion for a change of venue. In Jim Burke, a customer sued Jim Burke Automotive, a car dealership located in Jefferson County, in Perry County. Jim Burke moved for a change of venue, arguing that venue was proper in Jefferson County because all of the contracts and agreements had been prepared and performed in Jefferson County and because it did not do business in Perry County. The trial court denied Jim Burke's motion, and this Court affirmed the trial court's order.
Jim Burke, however, is factually distinguishable from the present case. The plaintiff in Jim Burke lived in Perry County, where he brought the action, while Ford, the plaintiff in this case, does not live in the county in which he brought the actionRussell County. The only connections Ford asserts with Russell County are that he delivered freight to Russell County for Clarksville, that he shops in Russell County, and that his attorneys live in Russell County. Under those circumstances, the interest of justice requires the transfer of the action to Lee County.
Ford also argues that the acts that give rise to his action took place in Russell County because he made 12 deliveries to a Wal-Mart discount department store in Phenix City, and he asserts that those deliveries are the basis for his breach-ofcontract action. Ford states, "if [I] had never made the contracted trips (events) into Russell County to the Wal-Mart SuperCenter, then [I] would have been due no contract compensation for them and they (the non-existent trips or `events') could not have given rise to the breach of contract claim." (Ford's brief at 7-8.) Ford cites Ex parte Adamson, 408 So.2d 151 (Ala.Civ.App.1981), in support of the proposition that venue is proper in Russell County.[2] Clarksville argues that Ford's trips are not the acts giving rise to this action. Clarksville argues that the alleged breach of contract and the alleged failure to pay took place at Clarksville's Opelika terminal in Lee County. Assuming, without deciding, that Ford could properly bring his action in Russell County, the *1265 application of the doctrine of forum non conveniens would therefore be proper under § 6-3-21.1, Ala.Code 1975, because § 6-3-21.1 operates "[w]ith respect to civil actions filed in an appropriate venue."
Finally, Ford argues that his family shops in Russell County and that he finds it just as convenient to travel to the courthouse in Russell County as to the courthouse in Lee County. In National Security Insurance Co., this Court explained why such concerns are immaterial:
"In [Ex parte] Independent Life [& Accident Insurance Co., 725 So.2d 955, 957 (Ala.1998)], this Court required the transfer from Lowndes County to Montgomery County of an action involving breach-of-contract and fraud allegations against an insurer. Although Lowndes County and Montgomery County are contiguous, this Court noted that the plaintiffs lived in Montgomery County, that all relevant transactions took place in Montgomery County, and that most of the witnesses lived in Montgomery County. This Court concluded that the action had `no nexus with Lowndes County that would justify burdening that county with the trial of [that] case.'"
727 So.2d at 790.
Similarly in this case, there is no witness, no document, or no transaction that would justify burdening Russell County with the trial of this case. Therefore, we hold that the trial court exceeded its discretion when it denied Clarksville's change-of-venue motion. Consequently, we grant Clarksville's mandamus petition and order the trial court to vacate its order denying Clarksville's motion and to transfer the pending action to the Lee Circuit Court.
PETITION GRANTED; WRIT ISSUED.
HOUSTON, LYONS, BROWN, WOODALL, and STUART, JJ., concur.
MOORE, C.J., and HARWOOD, J., dissent.
NOTES
[1] The parties blur the distinction between what constitutes the proper venue in which to bring an action and the application of the doctrine of forum non conveniens. The first paragraph of Clarksville's petition states that it seeks relief under Rule 21, Ala. R.App. P.; Rule 82(d)(1), Ala. R. Civ. P.; and §§ 6-3-7 and 6-3-21.1, Ala.Code 1975. Clarksville argues that if venue is improper in Russell County, then this Court should apply the forum non conveniens statute, § 6-3-21.1, Ala. Code 1975, to transfer the case to Lee County. Clarksville argues, without citation to authority, that venue is improper in Russell County because "[n]othing in this case occurred in Russell County except the plaintiff's occasional delivery of goods to a Wal-Mart store ... [and that] occasional act by an independent contractor does not confer venue." (Clarksville's brief at 7.) Ford, citing Ex parte Adamson, 408 So.2d 151 (Ala.Civ.App.1981), argues that under § 6-3-7, Ala.Code 1975, venue is proper in any county in which he performed work for Clarksville and that he performed work in Russell County. Adamson, however, describes the application of the venue provisions of § 6-3-3, Ala.Code 1975, not the venue provision at issue in this case § 6-3-7, Ala.Code 1975. Ford's argument is not dispositive; however, Clarksville bears the burden of proving that venue in Russell County is not proper. Because Clarksville does not clearly demonstrate that venue would be improper in a county where Ford performed work on its behalf, we do not decide the case on the issue of whether venue in Russell County was proper initially, but consider only the application of the doctrine of forum non conveniens.
[2] Adamson is inapposite on that point. Adamson held that in an action for work and labor under § 6-3-3, Ala.Code 1975, venue was proper in any county in which the work was performed. Ford, however, does not assert that venue is proper under § 6-3-3, Ala. Code 1975; instead, Ford argues in this case that venue is proper under the general venue provisions of § 6-3-7(a)(1), Ala.Code 1975, because, he says, the acts or omissions that give rise to his claim took place in Russell County.