ADT Security Services, Inc. ("ADT"), and Alan Weatherford, the defendants in an action pending in the Washington Circuit Court, petition this Court for a writ of mandamus directing the Washington Circuit Court to vacate its order denying ADT and Weatherford's motion for a change of venue to the Mobile Circuit Court pursuant to § 6-3-21.1(a), Ala. Code 1975, the forum nonconveniens statute. We grant the petition and issue the writ.
ADT, a Delaware corporation licensed to do business in Alabama, sells, installs, and services residential and commercial security systems. ADT has an office in Mobile. Tim Pauline, a resident of Mobile County, was formerly employed by ADT as a commercial-sales representative. Pauline worked out of ADT's Mobile office, where he was supervised by Weatherford, ADT's commercial-sales manager and, like Pauline, a resident of Mobile County. While ADT does business in Washington County, it has no office there and it maintains no records in Washington County. Pauline resigned from ADT after he was allegedly mistreated by Weatherford.
On April 1, 2005, Pauline and his wife, Sherry, sued ADT and Weatherford in the Washington Circuit Court, alleging numerous claims related to Pauline's employment by ADT. ADT and Weatherford moved to dismiss the action or, in the alternative, to transfer the case to the Mobile Circuit Court. The trial court denied ADT and Weatherford's motion, and they timely petitioned this Court for a writ of mandamus directing the trial court to vacate its order denying their motion for a change of venue and to transfer the case to Mobile County.
In Ex parte National Security Insurance Co., 727 So.2d 788,789 (Ala. 1998), this Court described the manner of obtaining review of the denial of a motion for a change of venue in a civil action and the scope of this Court's review:
 "The proper method for obtaining review of a denial of a motion for a change of venue in a civil action is to petition for the writ of mandamus. Lawler Mobile Homes, Inc. v. Tarver, 492 So.2d 297, 302
(Ala. 1986). `Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.' Ex parte Integon Corp., 672 So.2d 497, 499 (Ala. 1995). `When we consider a mandamus petition relating to a venue ruling, our scope of review is to determine if the trial court [exceeded] its discretion, i.e., whether it exercised its discretion in an arbitrary and capricious manner.' Id. Our review is further limited to those facts that were before the trial court. Ex parte American Resources Ins. Co., 663 So.2d 932, 936 (Ala. 1995).
 "In 1987, the Legislature enacted § 6-3-21.1(a), Ala. Code 1975, and adopted *Page 345 
the doctrine of forum non conveniens. Section 6-3-21.1(a) states in pertinent part:
 "`With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer
any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed therein.'
 "(Emphasis added.) A defendant moving for a transfer under § 6-3-21.1 has the initial burden of showing that the transfer is justified, based on the convenience of the parties and witnesses or based on the interest of justice. See generally Ex parte Family Fin. Services, Inc., 718 So.2d 658 (Ala. 1998) (quoting Ex parte Gauntt, 677 So.2d 204, 221
(Ala. 1996) (Maddox, J., dissenting))."
ADT and Weatherford argue that they have a clear legal right to have the case transferred to Mobile County pursuant to §6-3-21.1. It is undisputed that Mobile County is an appropriate venue to which the case may be transferred.
 "Because the defendants have established that another appropriate venue exists, it is necessary to determine whether transferring the case to that venue is `in the interest of justice' or necessary `for the convenience of parties and witnesses.' § 6-3-21.1, Ala. Code 1975. This inquiry depends on the facts of the case. Ex parte Jim Burke Auto., Inc., 776 So.2d 118, 121 (Ala. 2000)."
Ex parte Sawyer, 892 So.2d 919, 922 (Ala. 2004) (emphasis added). "In considering a mandamus petition, we must look atonly those facts before the trial court." Ex parte AmericanRes. Ins. Co., 663 So.2d 932, 936 (Ala. 1995) (emphasis added). Of course, facts must be based upon "evidentiary material," which does not include statements of counsel in motions, briefs, and arguments. Ex parte McCord-Baugh, 894 So.2d 679, 686 (Ala. 2004). See also Providian Nat'l Bank v. Conner, 898 So.2d 714,719 (Ala. 2004).
In support of their motion, ADT and Weatherford filed an affidavit of Weatherford. In the affidavit, Weatherford testified that Tim Pauline and he are residents of Mobile County. Further, he indicated that he was employed by ADT at its Mobile office, where Pauline was based during his employment with ADT. According to Weatherford, all of his meetings with Pauline during Pauline's employment with ADT occurred in Mobile County. Also, Weatherford testified that ADT has no office in Washington County, has no employees based in Washington County, and maintains no records, files, or documents in Washington County.
In opposition to ADT and Weatherford's motion to transfer, the Paulines filed an affidavit of Tim Pauline. Pauline's affidavit did not refute any of the facts stated in Weatherford's affidavit. Instead, Pauline focused on a single "cell phone/two-way radio" call he received from Weatherford while Pauline was in Washington County providing service to an ADT customer. According to Pauline's affidavit, Weatherford made insulting and defamatory remarks, which an employee of the customer overheard.
On August 16, 2005, the trial court conducted a hearing concerning ADT and Weatherford's motion. Weatherford was the only witness to testify at the hearing. He confirmed the factual averments in his affidavit. Further, he stated that he had supervised Pauline's work for ADT as a commercial-sales representative. Also, Weatherford testified that ADT's office in Mobile was the primary location at which *Page 346 
he performed his job duties, including making decisions relating to the employment of those under his supervision. Weatherford testified that the Mobile office is approximately 3 miles from the Mobile County courthouse and approximately 70 miles from the Washington County courthouse.
Weatherford was cross-examined by counsel for the Paulines. On cross-examination, he testified that ADT does business in Washington County and that Tim Pauline had some customers in Washington County. However, Weatherford did not know where any of the customers' employees lived.
The facts in this case are strikingly similar to the facts inEx parte Clarksville Refrigerated Lines I, Ltd., 860 So.2d 1261
(Ala. 2003). In Clarksville, this Court stated:
 "Clarksville Refrigerated Lines I, Ltd. (`Clarksville'), the defendant in an action pending in the Russell Circuit Court, petitions this Court for a writ of mandamus directing the Russell Circuit Court to vacate its order denying Clarksville's motion for a change of venue to the Lee Circuit Court pursuant to § 6-3-21.1(a), Ala. Code 1975, the forum non conveniens statute. Because Clarksville clearly demonstrates that it is entitled to the relief requested, we grant the petition.
 "Clarksville, a trucking company headquartered in Texas, hires independent owner/operators to transport cargo. Kenny Ford is an independent-contract truck driver. On April 4, 2001, Ford, a resident of Lee County, entered into an `Independent Contractor Agreement' with Clarksville at Clarksville's Opelika terminal in Lee County. Ford worked out of Clarksville's Opelika terminal — he picked up deliveries there, returned trailers there, and received job assignments there.[1]
Clarksville kept all of its records concerning Ford in Opelika. Clarksville operates no terminals in Russell County. Ford terminated his contract with Clarksville after a pay dispute arose between Clarksville and Ford at Clarksville's Opelika terminal.
 "On January 29, 2002, Ford sued Clarksville in the Russell Circuit Court, alleging breach of contract. Clarksville moved to dismiss the action, or in the alternative, to transfer the case to the Lee Circuit Court. The trial court denied Clarksville's motion. Clarksville moved the trial court to reconsider its order, and the trial court denied that motion. Clarksville now petitions this Court for the writ of mandamus directing the trial court to vacate its order denying a change of venue, and to transfer the case to Lee County.
". . . .
 "In [Ex parte National Security Insurance Co., 727 So.2d 788 (Ala. 1998),] this Court stated:
 "`It is undisputed that at the time of filing National Security [the defendant] maintained no office, and kept no documents, in Lowndes County. Smoke [the plaintiff] did not live in Lowndes County. No meetings between National Security and Smoke occurred in Lowndes County. In fact, all meetings between Smoke and employees of National Security occurred in Elmore County, where National Security seeks to have the case transferred. Further, Smoke was treated in Elmore County for her alleged mental anguish arising from her dealings with National Security. All of Smoke's witnesses reside in Elmore County, and no witness for either party resides in Lowndes County.' *Page 347 
 "727 So.2d at 790. Under those circumstances, this Court held that the `"interest of justice" require[d] the transfer of the action from a county with little, if any, connection to the action . . . to a county with a strong connection to the action.' 727 So.2d at 790.
 "It is undisputed that Clarksville maintained no office and kept no documents in Russell County. Ford did not live in Russell County. No meetings between Clarksville and Ford took place in Russell County. In fact, all meetings between Ford and Clarksville took place in Lee County, where Clarksville seeks to have the case transferred. Further, two of Clarksville's employees who will be important witnesses in this case live in Lee County."
860 So.2d at 1262-64 (footnote omitted). Based upon these facts, this Court held "that the trial court exceeded its discretion when it denied Clarksville's change-of-venue motion."860 So.2d at 1265. Therefore, this Court "order[ed] the trial court to vacate its order denying Clarksville's motion and to transfer the pending action to the Lee Circuit Court." Id. The facts of this case compel a similar result.
It is undisputed that ADT maintains no office and keeps no records in Washington County. The Paulines do not live in Washington County. No meetings between Weatherford and Tim Pauline took place in Washington County. Actually, all meetings between Weatherford and Pauline took place in Mobile County, where ADT and Weatherford seek to have the case transferred. Additionally, both the Paulines and Weatherford, who will be important witnesses, live in Mobile County.
In attempting to distinguish Clarksville from this case, the Paulines argue that Tim Pauline "was not merely a truck driver who delivered goods for ADT," but, instead, "was a commercial sales representative who was required to develop contacts and relationships with companies, persons, and clients in Washington County." Response to petition, at 14-15. Consequently, according to the Paulines, Tim Pauline's "contacts [are] Washington County residents [who] will be material witnesses in this case." Response to petition, at 15. However, in responding to ADT and Weatherford's motion, the Paulines offered no evidence as to whether any of the potential witnesses, identified only in their counsel's arguments, live in Mobile County or Washington County.
In attempting to distinguish this case from Clarksville, the Paulines also argue that "[d]ocuments and papers evidencing [his] contact, relationship, services, and contracts with [his] Washington County clients are located in Washington County." Response to petition, at 15. However, the Paulines provided the trial court with no evidentiary material supporting this contention, which directly contradicts Weatherford's affidavit, as well as Weatherford's testimony at the motion hearing.
Based upon the facts properly before this Court, we hold that the "interest of justice" requires the transfer of this employment-related action from Washington County, a county with little, if any, connection to the action, to Mobile County, the county with a strong connection to the action. Consequently, we grant ADT and Weatherford's mandamus petition and order the trial court to vacate its order denying ADT and Weatherford's motion for a change of venue and to transfer the pending action to the Mobile Circuit Court.
PETITION GRANTED; WRIT ISSUED.
NABERS, C.J., and LYONS, SMITH, and PARKER, JJ., concur.
[1] Ford delivered freight to Russell County for Clarksville. *Page 348