LYONS, Justice.
Safeway Insurance Company of Alabama and Mims Insurance Agency, the remaining defendants in an action pending in the Macon Circuit Court, petition this Court for a writ of mandamus directing the Macon Circuit Court to vacate its order denying Safeway’s and Mims Insurance’s motions for a change of venue to the Montgomery Circuit Court pursuant to § 6-3-21.1(a), Ala.Code 1975, the forum non conveniens statute. We grant the petition and issue the writ.

I. Factual Background

Willie J. Anderson, a resident of Montgomery County, and Lowell Slaughter, a resident of Macon County, were involved in a motor-vehicle accident on April 29, 2002, in Montgomery County near the intersection of Highway 80 and Highway 126. Anderson sued Slaughter and Safeway in the Macon Circuit Court, alleging that Slaughter was negligent in the operation of his vehicle and seeking uninsured/underinsured-motorist benefits from Safeway. Safeway filed a motion to transfer the case to the Montgomery Circuit Court, alleging that venue in Macon Coun *381 ty was improper. Anderson then amended his complaint to add Mims Insurance as a defendant, alleging that Mims Insurance had negligently or wantonly failed to obtain proper insurance coverage for him. Shortly thereafter, Anderson settled his claims against Slaughter and stipulated to Slaughter’s dismissal from the action. Mims Insurance then filed a motion to transfer the case to the Montgomery Circuit Court. Anderson subsequently filed two additional amended complaints, deleting his claims against Slaughter and asserting claims of fraud in the sale of a policy of insurance. Safeway and Mims Insurance renewed their motions for a change of venue, supported by affidavits. In addition to arguing that venue in Macon County was improper, Safeway and Mims Insurance also requested that the case be transferred to Montgomery County on the basis of forum non conveniens pursuant to § 6-3-21.1. The trial court denied their motions for a change of venue on January 9, 2006. Safeway and Mims Insurance timely petitioned this Court for a writ of mandamus on February 21, 2006.[1]. See Rule 21(a)(3), Ala. R.App. P. (“The presumptively reasonable time for filing a petition seeking review of an order of a trial court ... shall be the same as the time for taking an appeal,” i.e., 42 days.). See also Ex parte Troutman Sanders, LLP, 866 So.2d 547 (Ala.2003).

II. Standard of Review

“In Ex parte National Security Insurance Co., 727 So.2d 788, 789 (Ala.1998), this Court described the manner of obtaining review of the denial of a motion for a change of venue in a civil action and the scope of this Court’s review:
■ “ ‘The proper method for obtaining review of a denial of a motion for a change of venue in a civil action is to petition for the writ of mandamus. Lawler Mobile Homes, Inc. v. Tarver, 492 So.2d 297, 302 (Ala.1986). “Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995). “When we consider a mandamus petition relating to a venue ruling, our scope of review is to determine if the trial court [exceeded] its discretion, i.e., whether it exercised its discretion in an arbitrary and capricious manner.” Id. Our review is further limited to those facts that were before the trial court. Ex parte American Resources Ins. Co., 663 So.2d 932, 936 (Ala.1995).
“ ‘In 1987, the Legislature enacted § 6-3-21.1(a), Ala.Code 1975, and adopted the doctrine of forum non conveniens. Section 6-3-21.1(a) states in pertinent part:
“ ‘ “With respect to civil actions filed in an appropriate venue, any court of general jurisdiction shall, for the convenience of parties and witnesses, or in the interest of justice, transfer any civil action or any claim in any civil action to any court of general jurisdiction in which the action might have been properly filed and the case shall proceed as though originally filed therein.”
*382 “ ‘(Emphasis added.) A defendant moving for a transfer under § 6-3-21.1 has the initial burden of showing that the transfer is justified, based on the convenience of the parties and witnesses or based on the interest of justice. See generally Ex parte Family Fin. Services, Inc., 718 So.2d 658 (Ala.1998) (quoting Ex parte Gauntt, 677 So.2d 204, 221 (Ala.1996) (Maddox, J., dissenting)).’ ”
Ex parte ADT Sec. Servs., Inc., 933 So.2d 343, 344-45 (Ala.2006).

III. Analysis

Safeway and Mims Insurance argue that they have a clear legal right to have the case transferred to Montgomery County pursuant to § 6-3-21.1. It is undisputed that Montgomery County is an appropriate venue to which the case may be transferred.
“‘Because the defendants have established that another appropriate venue exists, it is necessary to determine whether transferring the case to that venue is “in the interest of justice” or necessary “for the convenience of parties and witnesses.” § 6-3-21.1, Ala.Code 1975. This inquiry depends on the facts of the case. Ex parte Jim Burke Auto., Inc., 776 So.2d 118, 121 (Ala.2000).’
“Ex parte Sawyer, 892 So.2d 919, 922 (Ala.2004) (emphasis added). ‘In considering a mandamus petition, we must look at only those facts before the trial court.’ Ex parte American Res. Ins. Co., 663 So.2d 932, 936 (Ala.1995) (emphasis added). Of course, facts must be based upon ‘evidentiary material,’ which does not include statements of counsel in motions, briefs, and arguments. Ex parte McCord-Baugh, 894 So.2d 679, 686 (Ala.2004). See also Providian Nat’l Bank v. Conner, 898 So.2d 714, 719 (Ala.2004).”
ADT Security Services, 933 So.2d at 345.
Mims Insurance filed the affidavit of Ralph Mims, its owner and president, in support of its motion to transfer. Ralph Mims testified in his affidavit that his agency, a sole proprietorship, is located in the City of Montgomery approximately two miles from the downtown area, where the Montgomery County courthouse is located. Ralph Mims stated that his agency employed only four full-time employees (himself, his wife, his son, and his grandson), and one part-time employee (his daughter-in-law). He testified that as the corporate representative of the agency, it would be more convenient for him to have this case tried in Montgomery County rather than in Macon County, approximately 35 miles away. He further testified that he expected that his wife and his son would also be called as witnesses and that it would be more convenient for them if the case were tried in Montgomery County. Ralph Mims then stated:
“Due to the close proximity of our office to the Montgomery County Courthouse, it would be much more convenient for Mims Insurance Agency if the case is tried in Montgomery County, because we would more likely be able to continue our business operations much easier with the case being tried in the Montgomery County Courthouse rather than the Macon County Courthouse. Mims Insurance Agency has many customers that come to the business to make payments and complete applications. Since three of the four full-time employees are expected to be involved in this trial, it will be much more convenient for me and the continued operation of the business for the trial to be in Montgomery County.”
*383 Finally, he pointed out that Mims Insurance’s dealings with Anderson occurred in Montgomery County and that the address Anderson listed on the insurance application he filed with Mims Insurance is in Montgomery County.
Safeway filed the affidavit of Robert Wise, its vice president and general manager, in support of its motion for a change of venue. Wise testified that Safeway is located in Birmingham and that all of its employees and all records, files, and other information pertaining to any policy issued or claim processed by Safeway are located in Birmingham. He stated that Safeway’s investigation of the accident made the basis of Anderson’s claims against Safeway indicated that all actions taken by Safeway had occurred in Birmingham and that all other aspects of the case had occurred in Montgomery County. Wise further testified that it would difficult and inconvenient for Safeway’s employees and managers to travel to Macon County and that it would more convenient and less time-consuming and costly for those employees and managers to travel to Montgomery County.
Anderson did not present any evidence in opposition to Safeway’s and Mims Insurance’s motions to transfer. He states in his brief that the travel time between the City of Montgomery, where the Montgomery County courthouse is located, and Tuskegee, where the Macon County courthouse is located, is not significantly inconvenient; that many people commute daily between Montgomery County and Macon County; that Safeway employees will be required to travel no matter where the trial is held and that the distance between Birmingham and Montgomery County, on the one hand, and Birmingham and Macon County, on the other, is approximately the same; that witnesses testifying in Macon County could return to Montgomery in approximately 30 minutes without any need for an overnight stay in Macon County; and that although he does live in Montgomery County he lives approximately 5 minutes from the county line separating Macon County and Montgomery County. However, it is well settled that statements in a brief are not evidence, and Anderson has not placed any evidence before us to explain why Montgomery County, where he resides, is not a more convenient forum than Macon County.
The facts in this case are strikingly similar to the facts in ADT Security Services, supra; Ex parte Clarksville Refrigerated, Lines I, Ltd., 860 So.2d 1261 (Ala.2003); and Ex parte National Security Insurance Co., 727 So.2d 788 (Ala.1998). In each of these three cases, the defendant did not maintain an office or keep any documents in the county in which the action was filed, the plaintiff did not live in that county, and no meetings between the plaintiff and the defendant occurred in that county. Instead, all meetings between the plaintiff and the defendant in each case occurred in the county to which the defendant sought to have the action transferred. In National Security, the plaintiff had received medical treatment and all of her witnesses resided in the county to which transfer was sought. In Clarksville Refrigerated Lines and ADT Security Services, key witnesses each defendant expected to call in the action lived in the county to which transfer was sought.
Based upon the foregoing facts, this Court in each of those three cases held that the trial court exceeded its discretion when it denied the defendant’s motion to transfer the action and ordered the trial court to transfer the pending action to the county requested by the defendant. The facts of this case compel a similar result.
It is undisputed that neither Safeway nor Mims Insurance maintains an office or keeps any records in Macon County. *384 Anderson does not live in Macon County. No contact between Anderson and Mims took place in Macon County; rather, all contact between them took place in Montgomery County, where Safeway and Mims Insurance seek to have the case transferred. The accident that is the basis of the action took place in Montgomery County. Additionally, many of the witnesses expected to be called in this case live in Montgomery County. The only connection to Macon County that ever existed in this case was that the other party to the motor-vehicle accident that precipitated the action, Slaughter, resided in Macon County. However, Slaughter has now been dismissed from the case, and if he is called as a witness, which appears doubtful because the case now deals solely with allegations of fraud against Safeway and Mims Insurance, he would be the only witness who would be required to travel to Montgomery County from Macon County.
Anderson argues that if this Court allows a defendant to transfer a case every time a defendant who makes venue proper in the county in which an action is filed is dismissed pursuant to a pro tanto settlement agreement, no plaintiff will ever agree to settle with only the “forum defendant” and that allowing such a transfer would discourage settlement in actions involving multiple defendants. Anderson fails to recognize that in this case, even if Slaughter had remained a party, it is still probable that Safeway and Mims Insurance would have been able to make a strong argument that the case should be transferred to Montgomery County pursuant to § 6-3-21.1. Borrowing wording from National Security, supra, we note that “in this case, there is no witness, no document, no transaction, or anything else that would give the action a nexus with [Macon] County that would justify burdening that county with the trial of this case.” 727 So.2d at 790. See also Clarksville Refrigerated Lines, 860 So.2d at 1265; Ex parte Employers Modem Life Co., 772 So.2d 433, 436 (Ala.2000); and Ex parte Independent Life & Acc. Ins. Co., 725 So.2d 955, 957 (Ala.1998). Consequently, the trial court exceeded its discretion in denying Safeway and Mims Insurance’s motions to transfer.
Based upon the facts properly before this Court, we hold that the “interest of justice” and the “convenience of parties and witnesses” require the transfer of this action from Macon County, a county with no connection to the action at this time, to Montgomery County, a county with a strong connection to the action. Because Safeway and Mims Insurance have clearly demonstrated that they are entitled to the relief requested, their petition is due to be granted.

IV. Conclusion

We grant the petition and direct the trial court (1) to vacate its order denying Safeway’s and Mims Insurance’s motions to transfer this case from the Macon Circuit Court to the Montgomery Circuit Court, and (2) to enter an order transferring the case to the Montgomery Circuit Court for the convenience of the parties and witnesses and in the interest of justice.
PETITION GRANTED; WRIT ISSUED.
NABERS, C.J., and WOODALL, SMITH, and PARKER, JJ., concur.

. The 42-day presumptively reasonable time for filing this petition for a writ of mandamus expired on February 20, 2006; however, because February 20, 2006, was a state holiday, the petition, filed on February 21, was timely.