Smith Wrecker Service, Inc., and Michael Frey (hereinafter collectively referred to as "Smith Wrecker"), the defendants in an action pending in the Wilcox Circuit Court, petition this Court for a writ of mandamus directing the Wilcox Circuit Court to vacate its order denying their motion to transfer the action to Elmore County and to enter an order granting the motion, because, Smith Wrecker argues, venue in Wilcox County is improper. In the alternative, Smith Wrecker asks this Court to enter an order transferring this case to the Elmore Circuit Court pursuant to § 6-3-21.1(a), Ala. Code 1975, theforum non conveniens statute. We grant the petition on the basis that venue is improper in Wilcox County and issue the writ.
 I. Factual Background
This action arises from the alleged wrongful acts and omissions by Smith Wrecker in the sale of a vehicle to an automobile dealer who then resold the vehicle to Horace Jackson and Nikko[1] Bizzell. Michael Frey, a resident of Elmore County, owns Smith Wrecker Service, Inc., a towing-service company whose sole office is in Elmore County. On or about May 17, 2006, the Elmore County Sheriffs Department asked Smith Wrecker Service, Inc., to tow an abandoned vehicle from the intersection of Highway 14 and Highway 111 in Elmore County to the lot operated by Smith Wrecker Service, Inc. Frey towed the vehicle to the lot, which is located in Elmore County.
In an effort to gain information about the vehicle, Smith Wrecker Service, Inc., submitted an abandoned-motor-vehicle record request to the State Department of Revenue. The Department of Revenue sent Smith Wrecker Service, Inc., a response, which certified that the Department of Revenue files reflected no record for the abandoned vehicle. Smith Wrecker Service, Inc., later auctioned the vehicle at its place of business in Elmore County. A local automobile dealer purchased the vehicle at the auction and then resold the vehicle to Horace Jackson and Nikko Bizzell, residents of Elmore County.[2]
A policeman for the City of Pine Hill later pulled over the vehicle, which Bizzell was driving, in Wilcox County. A routine computer search of the vehicle-identification number indicated that the vehicle was stolen. The policeman then arrested Bizzell on a charge of possessing stolen property. Bizzell was held in the Pine Hill city jail in Wilcox County for two days.
Jackson and Bizzell brought an action against Smith Wrecker in Wilcox County, alleging negligence, fraud, and deceptive *Page 536 
trade practices by Smith Wrecker based on Smith Wrecker's failure to ascertain before selling the vehicle to a third party that it was a stolen vehicle. Smith Wrecker moved to dismiss the claims pursuant to Rules 12(b)(7) and 19(a), Ala. R. Civ. P., for failure to join as an indispensable party the automobile dealer who sold the vehicle to Jackson and Bizzell. In the event the court did not dismiss the claims, Smith Wrecker also moved to transfer the case to Elmore County pursuant to Rules 12(b)(3) and 82(d)(1), Ala. R. Civ. P., arguing that venue is improper in Wilcox County. In the alternative, Smith Wrecker argued that the convenience of the parties and witnesses and the furtherance of justice require transfer of the action to Elmore County pursuant to § 6-3-21.2, Ala. Code 1975, the forum non conveniens
statute. After a hearing on Smith Wrecker's motion to dismiss or, in the alternative, to transfer the case, the trial court denied the motion. Smith Wrecker timely petitioned this Court for a writ of mandamus.
 II. Standard of Review "In Ex parte National Security Insurance Co., 727 So.2d 788, 789 (Ala. 1998), this Court described the manner of obtaining review of the denial of a motion for a change of venue in a civil action and the scope of this Court's review:
 "`The proper method for obtaining review of a denial of a motion for a change of venue in a civil action is to petition for the writ of mandamus. Lawler Mobile Homes, Inc. v. Tarver, 492 So.2d 297, 302
(Ala. 1986). "Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." Ex parte Integon Corp., 672 So.2d 497, 499 (Ala. 1995). "When we consider a mandamus petition relating to a venue ruling, our scope of review is to determine if the trial court [exceeded] its discretion, i.e., whether it exercised its discretion in an arbitrary and capricious manner." Id. Our review is further limited to those facts that were before the trial court. Ex parte American Resources Ins. Co., 663 So.2d 932, 936 (Ala. 1995)."'
Ex parte ADT Sec. Servs., Inc., 933 So.2d 343, 344-45
(Ala. 2006).
 III. Analysis
Smith Wrecker's contention that Wilcox County is an improper venue cannot be sustained unless venue in Wilcox County is improper as to both Frey and Smith Wrecker Service, Inc. If venue in Wilcox County is proper as to either one of them, then, under the concept of pendent venue, venue is proper as to both of them. See Rule 82(c), Ala. R. Civ. P. ("Where several claims or parties have been joined, the suit may be brought in any county in which any one of the claims could properly have been brought."). We address the issues in light of § 6-3-2, Ala. Code 1975 ("Venue of actions — Against individuals"), § 6-3-7, Ala. Code 1975 ("Venue of actions — Against foreign and domestic corporations"), and § 8-19-10(c), Ala. Code 1975 (venue of actions alleging deceptive trade practices).
 A. § 6-3-2, Ala. Code 1975 ("Venue of Actions — Against Individuals")
Smith Wrecker argues that venue in Wilcox County is improper as to Frey under § 6-3-2(a), Ala. Code 1975. Section 6-3-2(a) establishes venue for a civil action against an individual:
 "(a) In proceedings of a legal nature against individuals: *Page 537 
 "(1) All actions for the recovery of land, of the possession thereof or for a trespass thereto must be commenced in the county where the land or a material part thereof lies.
 "(2) All actions on contracts, except as may be otherwise provided, must be commenced in the county in which the defendant or one of the defendants resides if such defendant has within the state a permanent residence.
 "(3) All other personal actions, if the defendant or one of the defendants has within the state a permanent residence, may be commenced in the county of such residence or in the county in which the act or omission complained of may have been done or may have occurred."
We agree with Smith Wrecker's contention that, so far as the claims against Frey are concerned, only § 6-3-2(a)(3) applies, because negligence and fraud claims are classified as personal actions when determining proper venue. See Exparte Mitchell, 690 So.2d 356, 358 (Ala. 1997). Smith Wrecker argues that under § 6-3-2(a)(3) venue in Wilcox County is improper because Frey is a resident of Elmore County and all the alleged acts and omissions complained of in the negligence, fraud, and deceptive-trade-practices claims against Frey occurred in Elmore County. Smith Wrecker asserts that Frey had no contact with Wilcox County and that his only act related to Jackson and Bizzell's claims was towing the abandoned vehicle from the shoulder of a highway in Elmore County to the lot operated by Smith Wrecker Service, Inc., in Elmore County.
Jackson and Bizzell argue that venue is proper as to Frey in Wilcox County under § 6-3-2(a)(3) because, they say, Frey's alleged wrongful acts and omissions caused "bodily injury" to Bizzell in Wilcox County.[3] Jackson and Bizzell rely on Ex parte Haynes Downard Andra Jones,LLP, 924 So.2d 687, 693 (Ala. 2005). They argue that this Court in Ex parte Haynes Downard "interpreted the wrongful `act or omission' of the Ala. Code § 6-3-2(a)(3)" and then, in a quote attributed to Ex parte HaynesDownard, recite: "`In personal injury actions where the defendant's wrongful act or omission causes bodily harm to the plaintiff, the injury occurs in the county where the bodily harm occurs."' Response to petition, p. 8 (quoting Ex parteHaynes Downard, 924 So.2d at 693). However, in Exparte Haynes Downard this Court did not consider § 6-3-2(a)(3). The quotation in Jackson and Bizzell's response to the petition dealing with venue in personal-injury actions and attributed to Ex parte Haynes Downard appears inEx parte Haynes Downard only as a portion of a longer quotation from Ex parte Graham, 634 So.2d 994, 997
(Ala. 1993). In Ex parte Graham, this Court dealt with the precursor statute to § 6-3-7, Ala. Code 1975, which governs venue in actions against corporations. It provided: "[A]ll actions against a domestic corporation for personal injuries must be commenced in the county where theinjury occurred or in the county where the plaintiff resides if such corporation does business by agent in the county of the plaintiffs residence." (Emphasis added.) Suffice it to say that Jackson and Bizzell's argument is based upon what can charitably be described as at least an inaccurate *Page 538 
representation of this Court's holding in Ex parteHaynes Downard.
The complaint does not charge Smith Wrecker with participating in Bizzell's arrest and the seizure of the vehicle in Wilcox County; those acts are described only as consequences of the acts or omissions that took place in Elmore County. Therefore, none of the alleged acts or omissions of Smith Wrecker occurred in Wilcox County, and venue is improper in Wilcox County as to Frey under § 6-3-2(a)(3). See Ex parte PikevilleCountry Club, 844 So.2d 1186, 1189 (Ala. 2002) ("Insofar as Green [an individual as to whom venue was governed by § 6-3-2(a)(3)] is concerned, it would be illogical and inconsistent to conclude that his `act or omission' occurred anywhere other than in Marion County, from where he mailed the letter made the basis of this action. Hugghins's alleged reliance on that letter in Covington County is not the `act or omission' of Green.").
 B. § 6-3-7, Ala. Code 1975 ("Venue of Actions — Against Foreign and Domestic Corporations")
Smith Wrecker argues that venue in Wilcox County is improper as to Smith Wrecker Service, Inc., under § 6-3-7(a), Ala. Code 1975. Section 6-3-7(a) sets forth venue for a civil action against corporations:
 "(a) All civil actions against corporations may be brought in any of the following counties:
 "(1) In the county in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of real property that is the subject of the action is situated; or
 "(2) In the county of the corporation's principal office in this state; or
 "(3) In the county in which the plaintiff resided, or if the plaintiff is an entity other than an individual, where the plaintiff had its principal office in this state, at the time of the accrual of the cause of action, if such corporation does business by agent in the county of the plaintiffs residence; or
 "(4) If subdivisions (1), (2), or (3) do not apply, in any county in which the corporation was doing business by agent at the time of the accrual of the cause of action."
Smith Wrecker argues that Wilcox County does not fall within any of these four categories because, it says, (1) the sale of the vehicle in Elmore County gave rise to all of Jackson and Bizzell's claims, (2) the sole office of Smith Wrecker Service, Inc., is in Elmore County, (3) Jackson and Bizzell are Elmore County residents, and (4) Smith Wrecker Service, Inc., does not conduct, and has not conducted, business in Wilcox County. InEx parte Suzuki Mobile, Inc., 940 So.2d 1007, 1009-10
(Ala. 2006), this Court noted that under § 6-3-7, "the inquiry is not the location of the injury, but the location of the events or omissions giving rise to the claim." As we explained in Ex parte Suzuki:
 "Frennea's argument focuses on the fact that his son's injuries occurred in Choctaw County. Under § 6-3-7, as it read before an amendment effective July 24, 1999, that fact would have been dispositive.[2] Now, however, the inquiry is not the location of the injury, but the location of the events or omissions giving rise to the claim. Applying our holding in Ex parte Pikeville Country Club, 844 So.2d 1186
(Ala. 2002), to the facts of this case, we conclude that the events or omissions giving rise to Frennea's claim did not occur in Choctaw County, as is necessary for venue to be proper there under § 6-3-7(a)(1). *Page 539 
 [2] "Before the 1999 amendment, the relevant part of the statute stated that `all actions against a domestic corporation for personal injuries must be commenced in the county where the injury occurred. . . ."'
Id. Smith Wrecker asserts that Smith Wrecker Service, Inc., did not engage in any of the acts or omissions in Wilcox County that gave rise to Jackson and Bizzell's claims and that Bizzell's alleged injuries in Wilcox County are not material to a determination of venue.
Jackson and Bizzell do not rebut Smith Wrecker's assertion that venue in Wilcox County is improper under § 6-3-7(a). Instead, Jackson and Bizzell argue that venue is proper in Wilcox County under § 6-3-7(c)[4] to all of their claims because venue is proper in Wilcox County to Bizzell's claims of bodily injury. However, as we determined above, venue in Wilcox County is improper as to Bizzell's claims; therefore, we do not reach the effect of bodily injury.
We conclude that venue in Wilcox County is improper under § 6-3-7(a) because the event giving rise to Jackson and Bizzell's claims — the sale of the vehicle — occurred in Elmore County, and it is undisputed that Smith Wrecker has conducted no business in Wilcox County.
 C. § 8-19-10(c), Ala. Code 1975 (Venue of Actions Alleging Deceptive Trade Practices)
Smith Wrecker also asserts that Elmore County is the only proper venue for Jackson and Bizzell's deceptive-trade-practices claim because it conducts business only in and around Elmore County. Section 8-19-10(c), Ala. Code 1975, provides that a deceptive-trade-practices claim "may be brought in the circuit court for the county in which the defendant resides, has his/her principal place of business, is doing business, or committed the unlawful act or practice." Because it is undisputed that Michael Frey is a resident of Elmore County, the sole office of Smith Wrecker Service, Inc., is in Elmore County, Smith Wrecker Service, Inc., has not conducted business in Wilcox County, and that any act by Smith Wrecker occurred in Elmore County, we conclude that Wilcox County is an improper venue for Jackson and Bizzell's deceptive-trade-practices claim.
 IV. Conclusion
Because Jackson and Bizzell filed the action in Wilcox County, an improper venue, *Page 540 
and because Elmore County, the venue proposed by Smith Wrecker, is a proper venue, we conclude that Smith Wrecker has demonstrated a clear legal right to the requested relief. Because of our holding on the venue issue, we need not reach the question whether Smith Wrecker was also entitled to the transfer on the basis of forum non conviens. We grant Smith Wrecker's petition and issue the writ of mandamus, directing the trial court to vacate its order denying Smith Wrecker's motion to transfer this case from the Wilcox Circuit Court to the Elmore Circuit Court and to enter an Order transferring the case to the Elmore Circuit Court.
PETITION GRANTED; WRIT ISSUED.
COBB, C.J., and STUART, BOLIN, and MURDOCK, JJ., concur.
[1] The plaintiffs styled their complaint with the name "Niko" Bizzell, but the body of their complaint spells the name "Nikko" Bizzell. Materials filed in the Supreme Court carry both spellings.
[2] From the materials filed in this Court, it is unclear who purchased the vehicle. The complaint alleges that Jackson purchased the vehicle, while the facts as stated in the petition for the writ of mandamus indicate that Jackson and Bizzell purchased the vehicle. Jackson and Bizzell's response to the petition for the writ of mandamus states that they agree with the assertion of the material facts in the petition.
[3] Jackson and Bizzell did not allege in their complaint that Bizzell had suffered any "bodily injury" while incarcerated in Wilcox County. However, in their reply to Smith Wrecker's motion to transfer, they assert that "injury from false imprisonment is an injury to the person and does constitute bodily injury" and that venue in Wilcox County is therefore proper.
[4] Section 6-3-7(c) provides:
 "Anything to the contrary in Rule 82(c) of the Alabama Rules of Civil Procedure notwithstanding, in any action against a corporation, venue must be proper as to each and every named plaintiff joined in the action, unless the plaintiffs shall establish that they assert any right to relief jointly, severally, or arising out of the same transaction or occurrence and that the existence of a substantial number of questions of law or material fact common to all those persons not only will arise in the action, but also: (1) that such questions will predominate over individualized questions pertaining to each plaintiff; (2) the action can be maintained more efficiently and economically for all parties than if prosecuted separately; and (3) that the interest of justice supports the joinder of the parties as plaintiffs in one action. If venue is improper for any plaintiff joined in the action, then the claim of any such plaintiff shall be severed and transferred to a court where venue is proper. In the event severance and transfer is mandated and venue is appropriate in more than one court, a defendant sued alone or multiple defendants, by unanimous agreement, shall have the right to select such other court to which the action shall be transferred and, where there are multiple defendants who are unable to agree upon a transferee court, the court in which the action was originally filed may transfer the action to any such other court. Transfer of the action and notice thereof shall be in accord with Section 6-3-22."