STUART, Justice.
Southeast Alabama Regional Healthcare Authority d/b/a Lakeview Hospital (“Lake-view Hospital”) and Ann M. Mottershaw, M.D., petition this Court for a writ of mandamus ordering Judge Bernard Smit-hart of the Barbour Circuit Court to transfer the medical-malpractice action in which they are defendants from the Clayton Division of the Barbour Circuit Court to the Eufaula Division. We grant the petitions and issue the writs.

Factual Background

On March 6, 2008, Venoria Womack died. At the time of her death, Womack resided in the Clayton Division of the Barbour Circuit Court. On April 8, 2009, her estate filed a complaint in the Clayton Division, naming as defendants Lakeview Hospital, Dr. Mottershaw, and others, alleging medical malpractice and wrongful death. In the complaint, the estate alleged that the defendants breached the applicable standard of care when they failed to timely diagnose Womack’s naso-pharyngeal cancer. Although Womack received medical care in Barbour County, in Houston County, and in Jefferson County, the allegations in complaint stem from the medical care she received in Barbour County and Houston County. On May 14, 2009, Lakeview Hospital moved to dismiss the action or to transfer the action to the Eufaula Division of the Barbour Circuit Court, pursuant to Act. No. 888, Ala. Acts 1969 (“the Act”), and because the acts and/or omissions alleged in the complaint occurred in the Eufaula Division. On June 2, 2009, Dr. Mottershaw moved to dismiss the action or to transfer the action to the Eufaula Division on the same grounds asserted in Lakeview Hospital’s motion. On July 16, 2009, the trial court denied the motions to dismiss or to transfer, noting that the clear legislative intent of § 6-5-546, Ala. Code 1975, a part of the Alabama Medical Liability Act, § 6-5-540 et seq., Ala.Code 1975 (“the AMLA”), was to give precedence with regard to venue to the residence of the plaintiff when the malpractice is alleged to have been committed in more than one county and stating that § 6-5-546 overrides the choice-of-venue provision in the Act. Lakeview Hospital and Dr. Mottershaw then each petitioned this Court for a writ of mandamus ordering the Barbour Circuit Court to transfer the action from the Clayton Division to the Eufaula Division. We consolidated the petitions for the purpose of writing one opinion

Standard of Review

“ ‘In Ex parte National Security Insurance Co., 727 So.2d 788, 789 (Ala.1998), this Court described the manner of obtaining review of the denial of a motion for a change of venue in a civil action and the scope of this Court’s review:
“ ‘ “The proper method for obtaining review of a denial of a motion for a change of venue in a civil action is to petition for the writ of mandamus. Lawler Mobile Homes, Inc. v. Tarver, 492 So.2d 297, 302 (Ala.1986). ‘Mandamus is a drastic and extraordinary writ, to be issued only where there is (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.’ Ex parte Integon Corp., 672 So.2d 497, 499 (Ala.1995). ‘When we consider a mandamus petition relating to a venue ruling, our scope of *697 review is to determine if the trial court [exceeded] its discretion, i.e., whether it exercised its discretion in an arbitrary and capricious manner.’ Id. Our review is further limited to those facts that were before the trial court. Ex parte American Resources Ins. Co., 663 So.2d 932, 936 (Ala.1995).” ’
“Ex parte ADT Sec. Servs., Inc., 933 So.2d 343, 344-45 (Ala.2006).”
Ex parte Smith Wrecker Serv., Inc., 987 So.2d 534, 536 (Ala.2007).

Analysis

The Alabama Legislature has directed that sessions of the Barbour Circuit Court be held in different courthouses. The Act divides Barbour County into two divisions. In this opinion, the geographical area west of a line described in the Act shall be referred to as “the Clayton Division” and the geographical area east of that line shall be referred to as “the Eu-faula Division.” Section 8 of the Act provides:
“BE IT FURTHER ENACTED, That whenever a civil or criminal cause shall be pending in the circuit court to be held at Clayton, if the defendant shall reside east of said line described in Section 6, hereof, it shall be the duty of the judge of said court, on the application of such defendant or his attorney, in writing, or in open court, to transfer said cause to the court held in Eufaula, to be there tried on the original papers the same as if the process had been originally returnable to Eufaula.”
Thus, the Act gives a defendant who is sued in the Clayton Division the opportunity to have the action transferred to Eufau-la Division, if the defendant resides within the geographical boundaries of the Eufaula Division and moves the trial court to transfer the action to the Eufaula Division.
It is undisputed that Womack was a resident of the Clayton Division at the time of the alleged wrongful acts or omissions by Lakeview Hospital and Dr. Mot-tershaw. It is also undisputed that Lake-view Hospital is located in the Eufaula Division and that Dr. Mottershaw, the radiologist who read the tomography scans of Womack’s paranasal sinuses that were taken at Lakeview Hospital, resides in Georgia.
This case is brought pursuant to the AMLA. Section 6-5-546, Ala.Code 1975, provides:
“In any action for injury or damages or wrongful death whether in contract or in tort against a health care provider based on a breach of the standard of care, the action must be brought in the county wherein the act or omission constituting the alleged breach of the standard of care by the defendant actually occurred. If plaintiff alleges that plaintiff’s injuries or plaintiffs decedent’s death resulted from acts or omissions which took place in more than one county within the State of Alabama, the action must be brought in the county wherein the plaintiff resided at the time of the act or omission, if the action is one for personal injuries, or wherein the plaintiff’s decedent resided at the time of the act or amission if the action is one for wrongful death. If at any time prior to the commencement of the trial of the action it is shown that the plaintiffs injuries or plaintiffs decedent’s death did not result from acts or omissions which took place in more than one county on motion of any defendant the court shall transfer the action to such county wherein the alleged acts or omissions actually occurred. For the convenience of parties and witnesses, in the interest of justice, a court may transfer any action to any other county where it *698 might have been brought hereunder and/or may order a separate trial as to party.”
(Emphasis added.)
Lakeview Hospital and Dr. Mottershaw concede that venue of the action is proper in the Barbour Circuit Court. They contend, however, that the trial court exceeded the scope of its discretion in denying their motions seeking transfer of the action from the Clayton Division to the Eu-faula Division of the Barbour Circuit Court because, they say, § 8 of the Act mandates transfer of this case to the Eufaula Division. They maintain that § 6-5-546, Ala. Code 1975, cannot be used to determine in which division of the Barbour Circuit Court the case should be tried. According to Lakeview Hospital and Dr. Mottershaw, § 8 of the Act applies to determine the appropriate division for venue and the plain language of § 8 requires that this action be transferred from the Clayton Division to the Eufaula Division.
The estate contends that the only venue proper for this action is the Clayton Division. According to the estate, the language of § 6-5-546, Ala.Code 1975, and the fact that the decedent resided in the Clayton Division mandates that the trial be conducted in the Clayton Division. It argues that § 8 of the Act has no field of operation in light of § 6-5-552, Ala.Code 1975, which states:
“This article applies to all actions against health care providers based on acts or omissions accruing after June 11, 1987, and as to such causes of action, shall supersede any inconsistent provision of law.”
Section 6-5-546, Ala.Code 1975, provides, in pertinent part, that when the alleged acts or omissions that resulted in the death of the plaintiffs decedent occurred in more than one county, then the action based on that death must be brought in the county in which the decedent resided at time of the acts or omissions. The legislature did not include in the AMLA a provision for counties in which the circuit courts sit in divisions. It provides for proper venue only as to counties. “ “When [a] statutory pronouncement is clear and not susceptible to a different interpretation, it is the paramount judicial duty of a court to abide by that clear pronouncement.’ ” Macon v. Huntsville Utils., 613 So.2d 318, 320 (Ala.1992) (quoting Parker v. Hilliard, 567 So.2d 1343, 1346 (Ala.1990)). Because the language in § 6-5-546 provides for venue in a county, but makes no provision for venue in divisions within a county, treating a division as a county would require this Court to extend the plain meaning of the word “county” in § 6-5-546 to include “division” and to read additional words into the statute.[1] Therefore, § 6-5-546 requires only that the estate’s action be filed in the county where the decedent resided — Barbour County. See Ex parte Children’s Hosp. of Alabama, 931 So.2d 1, 7 (Ala.2005) (recognizing that “ § 6-5-546 requires only that ‘the action must be brought in the county wherein the act or omission ... actually occurred.’ (Emphasis added.)”).
Because the action was filed in the proper county, Barbour County, general rules as to venue, in this case § 8 of the Act, apply in determining in which division venue is proper. We reject the estate’s argument that § 8 of the Act has been su *699 perseded by § 6-5-546, Ala.Code 1975. Because § 6-5-546 does not address the question in which division of a county an action must be brought, the application of § 8 of the Act, which does address in which division of Barbour County venue of an action is proper, is not inconsistent with the AMLA.
The materials before us indicate that the filing of the action in Barbour County was proper. The materials before us further indicate that Lakeview Hospital and Dr. Mottershaw recognized that venue in Barbour County was proper but moved to have the action transferred from the Clayton Division to the Eufaula Division pursuant to § 8 of the Act. Because § 8 requires transfer of the action to the Eufaula Division at the request of a defendant who resides in the Eufaula Division and the trial court refused to transfer the action, Lakeview Hospital and Dr. Mottershaw have established a clear legal right to have this action transferred from the Clayton Division to the Eufaula Division.

Conclusion

Based on the foregoing, Lakeview Hospital and Dr. Mottershaw have established a clear legal right to have this action transferred to the Eufaula Division. Therefore, we grant these petitions and issue writs ordering the Barbour Circuit Court to transfer this action from the Clayton Division to the Eufaula Division.
1081636 — PETITION GRANTED; WRIT ISSUED.
1081644 — PETITION GRANTED; AVRIT ISSUED.
COBB, C.J., and LYONS, WOODALL, SMITH, BOLIN, PARKER, MURDOCK, and SHAW, JJ, concur.

. The estate relies on this Court's interpretation of § 6 — 3—7(d), Ala.Code 1975, relating to venue for corporate defendants; however, this Court has limited its interpretation of § 6-3-7(d), Ala.Code 1975. Ex parte Haynes Downard. Andra & Jones, LLP, 924 So.2d 687 (Ala.2005).