STUART, Justice.
Jim Burke Automotive, Inc., the defendant in an action pending in the Hale Circuit Court, petitions this Court for a writ of mandamus directing the Hale Circuit Court to vacate its order denying Jim Burke Automotive’s motion to transfer the action to the Jefferson Circuit Court and to enter an order transferring the action. We grant the petition and issue the writ.

Facts and Procedural History

After Jim Burke Automotive had performed some repair work on a vehicle owned by Vulah Smith and Andrew Smith, the vehicle was involved in an accident in Hale County. On March 2, 2015, the Smiths sued Jim Burke Automotive in the Hale Circuit Court, asserting claims of negligent repair of the vehicle, wanton repair of the vehicle, breach of contract, and fraud. Andrew Smith also claimed damages for loss of consortium.
Jim Burke Automotive moved to transfer the case to the Jefferson Circuit Court because, it said, venue is not proper in the Hale Circuit Court but is proper in the Jefferson Circuit Court. According to Jim Burke Automotive, because the requested service and repair work on their vehicle were performed in Jefferson County and because all alleged acts or omissions by Jim Burke Automotive giving rise to the Smiths’ claims occurred in Jefferson County, the proper venue for the action is the Jefferson Circuit Court. In support of its motion, Jim Burke Automotive submitted an affidavit from John Morris, the service manager at Jim Burke Automotive. Morris averred:
“Jim Burke Automotive, Inc., is an Alabama corporation, formed in Jefferson County, Alabama, with its principal place and only place of business being located at 1301 5th Avenue North, Birmingham, Alabama 35203.
“Vulah and Andrew Smith’s 2005 Jaguar S-Type vehicle was towed to Jim Burke Automotive’s place of business, located at 1301 5th Avenue North, Birmingham, Alabama, on or about October 9, 2013. All of the requested service and repair work was performed by Jim Burke Automotive at its place of .business in Birmingham, Alabama. Any alleged negligence, breach of contract or misrepresentations occurred at Jim Burke Automotive’s place of business in Birmingham, Alabama. Jim Burke Automotive has no connection with and does not and has never done business in Hale County, Alabama.”
The Smiths responded to the motion to transfer, arguing that because, they said, the alleged fraudulent misrepresentations occurred in Hale County, venue in the Hale Circuit Court is proper.
On July 23, 2015, the Hale Circuit Court denied Jim Burke Automotive’s motion to transfer. On August 26, 2015, Jim Burke Automotive filed a petition for a writ of mandamus in this Court asking us to direct the Hale Circuit Court to vacate its order denying Jim Burke Automotive’s motion to transfer and to enter an order transferring the case to the Jefferson Circuit Court. On October 29, 2015, this Court ordered answers and briefs.

Standard of Review

“ ‘A petition for the writ of mandamus is the appropriate means by which to challenge a trial court’s order regarding a change of venue. *1155 The writ of mandamus is an extraordinary remedy; it will not be issued unless the petitioner shows “‘“(1) a clear legal right in the petitioner to the order sought;. (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.”’” Ex parte Inverness Constr. Co., 775 So.2d 153, 156 (Ala.2000)(quoting Ex parte Gates, 675 So.2d 371, 374 (Ala.1996)); Ex parte Pfizer, Inc., 746 So.2d 960, 962 (Ala.1999).’
“Ex parte Children’s Hosp. of Alabama, 931 So.2d 1, 5-6 (Ala.2005).
“Applying the general rules to a petition for a writ of mandamus challenging a ruling related to venue, this Court has held: ‘The burdén of proving improper venue is on the party raising the issue and on review of an order transferring or refusing to transfer, a writ of mandamus will not be granted unless there is a clear showing of error on the part of the trial judge.’ Ex parte Finance America Corp., 507 So.2d 458, 460 (Ala.1987). ‘Our review is limited to only those facts that were before the trial court.’ Ex parte Kane, 989 So.2d 509, 511 (Ala.2008).”
Ex parte Lugo de Vega, 65 So.3d 886, 891 (Ala.2010).

Discussion

Jim Burke Automotive contends that the Hale Circuit Court erred in refusing to transfer the underlying action to the Jefferson Circuit Court because, it says, venue is improper in the Hale Circuit Court and is proper in the Jefferson Circuit Court.
Venue for a civil action against a corporation is set forth in § 6-3-7(a), Ala.Code 1975, which provides:
“(a) All civil actions against corporations may be brought in any of the following counties:
“(1) In the county in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of real property that is .the subject of the action is situated; or
“(2) In the county of the corporation’s principal office in this state; or
“(3) In the county in which the plaintiff resided,[1] or if the plaintiff is an entity other than an individual, where the plaintiff had its principal office in this state, at the time of the accrual of the cause of action,, if such corporation does business by agent in the county of the plaintiffs residence; or
“(4) If subdivisions (1), (2), or (3) do not apply, in any county in which the corporation was doing business by agent at the time of the accrual of the cause of action.” f
Rule '82(c), Ala. R. Civ. P., provides that “[wjhere several claims or parties have been joined, the suit may be brought in any county in which any one of the claims could have been properly brought.”
Jim Burke Automotive contends that venue is not proper in the Hale Circuit Court because, it says, all the events or omissions giving rise to the Smiths’ claims occurred in Jefferson County and Jim Burke Automotive’s principal place of business is in Jefferson County. In response, the Smiths maintain that because a substantial portion of their fraud claim occurred in Hale County, venue is proper in the Hale Circuit Court.
The materials before us demonstrate that the Jefferson Circuit Court, not *1156 the Hale Circuit Court, is the proper venue for the Smiths’ action. For the purpose of determining venue, the Smiths’ claims of negligence and wantonness are personal-injury actions, see Ex parte Lashley, 596 So.2d 890, 892 (Ala.1992), and the inquiry is not the location of the injury, but the location of the wrongful acts or omissions of the corporate defendant, see Ex parte Smith Wrecker Serv., Inc., 987 So.2d 534, 538 (Ala.2007)(citing Ex parte Suzuki Mobile, Inc., 940 So.2d 1007 (Ala.2006)). See also Ex parte Wiginton, 743 So.2d 1071, 1074 (Ala.1999) (“ ‘[T]he term “injury ” for purposes of § 6-3-7 refers to the wrongful act or omission of the corporate defendant, not to the resulting damage to the plaintiff, and [this Court] thus determined that venue for such an injury is proper where a wrongful act was committed, not where the damage resulted.’ ” (quoting Ex parte SouthTrust Bank of Tuscaloosa, N.A., 619 So.2d 1356, 1358 (Ala.1993))). In their complaint, the Smiths contend that Jim Burke Automotive negligently and wantonly repaired their vehicle and that, as a consequence of the alleged negligent and wanton repair, the Smiths suffered personal injuries.[2] Morris’s affidavit states that the repair work the Smiths allege was negligently and wantonly performed was completed in Jefferson County; the Smiths do not contend otherwise. Therefore, the Jefferson Circuit Court is the proper venue for the Smiths’ negligence and wantonness claims.
Likewise, the Smiths’ fraud claim is á personal-injury action for the purpose of determining venue. Ex parte Wiginton, 743 So.2d at 1073-74. In Ex parte South-Trust Bank, supra, this Court held that, in a fraud action involving a defendant’s misrepresentations made through telephone conversations, the alleged injuries, for purposes of § 6-3-7, occurred where the defendant committed the wrongful act. See also Ex parte Pikeville Country Club, 844 So.2d 1186 (Ala.2002). The Smiths allege in their complaint that they negotiated with Jim Burke Automotive for the repair of their vehicle and that Jim Burke Automotive made misrepresentations about its ability to repair their vehicle. In his affidavit, Morris averred that the. alleged misrepresentations occurred in Jefferson County at Jim Burke Automotive’s place of business. Because the materials before us demonstrate that the alleged misrepresentations made by Jim Burke Automotive occurred in Jefferson County and the Smiths have offered no evidence otherwise, Jim Burke Automotive met its burden of proving that proper venue for the Smiths’ fraud claim is in the Jefferson Circuit Court.
Venue for the Smiths’ claim of breach of contract is proper in the county where the contract was performed and breached. Ex parte Guarantee Ins. Co., 133 So.3d 862, 870 (Ala.2013). The Smiths alleged in their complaint that they entered into an agreement with Jim Burke Automotive pursuant to which Jim Burke Automotive promised to repair their vehicle and that Jim Burke Automotive breached the agreement by failing to repair their vehicle. Morris averred in his affidavit that all repair work performed on the Smiths’ vehicle occurred in Jefferson County; the Smiths offer no evidence indicating otherwise. Therefore, Jim Burke Automotive met its burden of proving that venue for the Smiths’ breach-of-contract claim is proper in the Jefferson Circuit Court.
*1157 In summary, the materials before us indicate that all of the Smiths’ claims arise from the alleged faulty repair work performed at Jim Burke Automotive’s location of business in Jefferson County and from alleged misrepresentations Jim Burke Automotive made from its location of business in Jefferson County. Therefore, Jim Burke Automotive has satisfied its burden of showing that venue for this action is proper in the Jefferson Circuit Court. When venue is improper, a trial court must transfer the case. Ex parte Wright Bros. Constr. Co., 88 So.3d 817, 821 (Ala.2012).

Conclusion

Jim Burke Automotive has demonstrated a clear, legal right to have the underlying action transferred to the Jefferson Circuit Court. Therefore, we grant Jim Burke Automotive’s petition and issue a writ of mandamus directing the Hale Circuit Court to vacate its' order denying Jim Burke Automotive’s motion to transfer and to enter an order transferring this action to the Jefferson Circuit Court.
PETITION GRANTED; WRIT ISSUED.
MOORE, C.J., and BOLIN, PARKER, SHAW, MAIN, WISE, and BRYAN, JJ„ concur.

1. There is no suggestion in the materials before us that the Smiths reside in Hale County.

. Andrew Smith's claim of loss of consortium is a derivative claim of the Smiths’ claims of negligent and wanton repair of their vehicle. See Ex parte N.P., 676 So.2d 928 (Ala.1996). Therefore, venue for this claim is based upon the proper venue of the negligence and wantonness claims.